UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| MARK MCCORD, | ) | CASE NO. 1:10 CV 2355 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | <u>MEMORANDUM OF OPINION</u> |
| OHIO DEPARTMENT | ) | <u>AND ORDER</u> |
| OF REHABILITATION | ) | |
| AND CORRECTION, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

*Pro se* Plaintiff Mark McCord filed this action under 42 U.S.C. § 1983 and the Americans with Disabilities Act, 42 U.S.C. § 12132, against the Ohio Department of Rehabilitation and Correction ("ODRC"), ODRC Director Ernie Moore, Management and Training Corporation ("MTC"), MTC Chief Executive Officer and President Robert Scott Marquardt, Lake Erie Correctional Institution ("LECI") Warden Richard Ganshiemer, and LECI Captain Clinton Potter. In the Complaint, Plaintiff alleges that the Defendants failed to properly accommodate his disability while he was in disciplinary segregation. He seeks monetary and injunctive relief.

**Background**

Mr. McCord sustained a gun shot wound to his back in October 2001 which caused him to lose mobility in his lower extremities. He is confined to a wheelchair, but can ambulate using leg braces and a walker. He was convicted in 2008 on charges of drug trafficking, and is

currently incarcerated in LECI.

On January 22, 2010, Mr. McCord was transferred to the infirmary for disciplinary action. He was placed in a cell that was not equipped to meet the needs of inmates in wheelchairs. The toilet and the sink were too low, making it difficult for Mr. McCord to use them. In addition, the shower did not have a bench for him to sit on or grab bars to help him transfer from his wheelchair to the shower. He informed a corrections officer of the problem and was told the situation would be discussed with Captain Potter. The next day, January 23, 2010, Mr. McCord informed the corrections officer that he needed to take a shower and asked for assistance. The officer was alone in the infirmary and could not abandon his post. Later, he slid a plastic chair into Mr. McCord's cell and told him Captain Potter suggested its use instead of a bench. He was told it was the best the officer could do. Mr. McCord used the chair without incident that day. When he tried to shower using the chair on January 24, 2010, the chair slid from beneath him as he was transferring back to his wheelchair. He fell to the floor on his hip, causing pain in his hip and lower back. Although x-rays of his hip showed no fractures, Mr. McCord contends he still experiences pain from the fall.

Mr. McCord asserts two claims against these defendants. First he claims he was denied benefits and services by reason of his disability, in violation of Title II of the ADA. He also claims the Defendants were deliberately indifferent to his disability. He seeks monetary damages, and an Order requiring the State of Ohio to build facilities that comply with ADA standards.

## Analysis

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is

required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

### I. Title II Americans with Disabilities Act

Mr. McCord first claims he was denied wheel chair accessible shower facilities while in disciplinary segregation in the prison's infirmary. Title II of the ADA provides, in relevant part, that "[s]ubject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The term "public entity" has been defined as: "(A) any State or local government; (B) any department, agency, special purpose district, or other instrumentality of a State or States or local government; and (C) the National Railroad Passenger Corporation, and any commuter authority (as defined in section 24102(4) of Title 49)." 42 U.S.C. § 12131(1). A "public entity" under the Act does not include an individual prison official, and therefore plaintiff fails to state a claim against the individual defendants under the ADA. *See Lee v. Michigan Parole Bd.*, 104 Fed.Appx. 490, 493 (6th Cir.2004); *Tanney v. Boles*, 400 F.Supp.2d 1027, 1044

---

[1] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

(E.D.Mich.2005) (Roberts, J.); *Damron v. North Dakota Comm'r of Corrections*, 299 F.Supp.2d 970, 976 (D.N.D.2004), *aff'd*, 127 Fed.Appx. 909 (8th Cir.2005). Accordingly, Mr. McCord's ADA claims against Ernie Moore, Robert Scott Marquardt, Richard Ganshiemer, and Clinton Potter are dismissed.

Moreover, MTC is a private corporation. It is neither a state or local government, nor a department, agency, or instrumentality of the state. *Cox v. Jackson*, 579 F.Supp.2d 831, 850-853 (E.D.Mich.,2008). A private contractor does not become a "public entity" under Title II merely be contracting with a governmental entity to provide governmental services. *Id.*; *see Green v. City of New York*, 465 F.3d 65, 78-79 (2d Cir.2006); *O'Connor v. Metro Ride, Inc.*, 87 F.Supp.2d 894, 900 (D.Minn.2000). MTC therefore does not meet the statutory definition of a "public entity" under § 12131 and is not subject to suit under Title II. *See Cox*, 579 F.Supp.2d at 852; *Wynott v. Correctional Medical Servs., Inc.*, No. 08-61-P-S, 2008 WL 2061385, at *2 (D.Me. May 13, 2008); *Pitts v. Hayman*, No. 07-2256, 2008 WL 1776568, at *10 n. 5 (D.N.J. Apr.16, 2008).

Finally, although the ODRC arguably qualifies as a "public entity," Mr. McCord fails to establish that he was denied the benefits of the services, programs, or activities because of his disability. He was placed in the infirmary for disciplinary segregation from January 22, 2010 until February 5, 2010. The cell in which was housed did not contain a shower with grab bars or a stool. He was given a chair to use in the shower. Two days after being placed in the infirmary cell, he slipped off of the chair and fell, injuring his hip. He does not indicate the conditions under which he was housed for the remainder of his time in segregation or those which are provided to him in the general population. Allegations of isolated instances of failing to accommodate a disabled

4

prisoner's condition do not state a claim under the ADA. *Moore v. Curtis*, No. 02-2277, 2003 WL 21397865 (6th Cir. June 13, 2003). Absent additional information, Mr. McCord does not state a claim under the ADA.

## II. 42 U.S.C. § 1983

In addition, Mr. McCord contends the Defendant violated his Eighth Amendment rights. As an initial matter, Mr. McCord's request for injunctive relief is moot. He is no longer housed in disciplinary segregation in the infirmary and there are no allegations in the Complaint suggesting he has experienced similar circumstances in the general prison population. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996).

Mr. McCord cannot bring a claim for damages under 42 U.S.C. § 1983 against the ODRC. The Eleventh Amendment is an absolute bar to the imposition of liability upon state agencies. *Latham v. Office of Atty. Gen. of State of Ohio*, 395 F.3d 261, 270 (6th Cir. 2005); *Bouquett v. Clemmer*, 626 F. Supp. 46, 48 (S.D. Ohio 1985).

Similarly, Mr. McCord cannot bring a claim for damages against ODRC Director Ernie Moore, or Warden Richard Ganshiemer in their official capacities. A suit against a public servant in his official capacity imposes liability on the office he represents. *Brandon v. Holt*, 469 U.S. 464, 471 (1985). Because Mr. Moore and Mr. Ganshiemer both represent the State of Ohio, the Eleventh Amendment bars suits for damages against them in their official capacities.

To state a claim against Mr. Moore and Mr. Ganshiemer in their individual capacities, Mr. McCord must allege that they engaged in the conduct giving rise to the claim. A Plaintiff cannot establish the liability of any Defendant absent a clear showing that the Defendant was personally involved in the activities which form the basis of the alleged unconstitutional

5

behavior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). The Complaint simply contains no facts which reasonably associate these Defendants to any of the actions alleged.

It is likely that Mr. McCord is bringing claims against the ODRC Director and the LECI Warden, because they supervise other individuals who Mr. McCord claims violated his constitutional rights. "Supervisory liability under § 1983 cannot attach where the allegation of liability is based upon a mere failure to act." *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir.1999) (citing *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1246 (1989)). Rather, the supervisors must have actively engaged in unconstitutional behavior. *Id.* Liability therefore must lie upon more than a mere right to control employees and cannot rely on simple negligence. *Id.* In order for liability to attach to either Mr. Moore or Mr. Ganshiemer, Mr. McCord must prove that they did more than play a passive role in the alleged violations or show mere tacit approval of the activities in question. *Id*. Plaintiff must show that the supervisors somehow encouraged or condoned the actions of their inferiors. *Id.*; *see also Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir.1995). There are no allegations in the Complaint which reasonably suggest either of these Defendants was aware of the decision to place the chair in the infirmary cell as a shower bench and approved, condoned or encouraged its use. The claims against Mr. Moore and Mr. Ganshiemer must be dismissed.

In addition, an Eighth Amendment claim cannot be asserted against MTC for the actions of one of its employees. As a rule, a government employer may not be sued under 42 U.S.C. § 1983 for an injury inflicted solely by employees or agents under a *respondeat superior* theory of liability. *See Monell v. Department of Soc. Servs.*, 436 U.S. 658, 691(1978). While MTC is a private corporation, it may be considered to be a state actor for purposes of §1983. *See Street v.*

6

*Corrections Corporation of America*, 102 F.3d 810, 814 (6th Cir. 1996); *Hicks v. Frey,* 992 F.2d 1450, 1458 (6th Cir.1993) ( "It is clear that a private entity which contracts with the state to perform a traditional state function such as providing medical services to prison inmates may be sued under § 1983 as one acting 'under color of state law.' ") To be held liable under § 1983, Mr. McCord must establish that the execution of MTC's policy or custom inflicted the injury he sustained. *Id.* at 694. The pleading, however, contains no indication of a custom or policy of MTC which may have resulted in the deprivation of a federally protected right of the Plaintiff.

While MTC may arguably be considered to be a "state actor" for purposes of §1983, the CEO of the corporation cannot be held liable. To establish a prima facie case under 42 U.S.C. § 1983, Mr. McCord must assert that a person acting under color of state law deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Generally to be considered to have acted "under color of state law," the person must be a state or local government official or employee. A private party may be found to have acted under color of state law to establish the first element of this cause of action only when the party "acted together with or ... obtained significant aid from state officials" and did so to such a degree that its actions may properly be characterized as "state action." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). An individual may also be considered a state actor if he or she exercises powers traditionally reserved to a state. *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 352 (1974). Mr. McCord has not alleged facts to suggest Mr. Marquardt can be considered to have acted under color of Ohio law.

Moreover, even if Mr. Marquardt could be considered to be a "state actor" for purposes of §1983, Mr. McCord has not alleged that he was personally involved in the decision to

place Mr. McCord in that particular infirmary cell, or the decision to provide a chair to him for showering in lieu of a bench. He cannot be held liable for damages absent an allegation that he was personally involved in some way in these decisions. *Rizzo*, 423 U.S. at 371; *Bass*, 167 F.3d at 1048.

Finally, Mr. McCord fails to state an Eighth Amendment claim against Captain Potter. Prison officials may not deprive inmates of "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). The Supreme Court in *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. A plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred. *Id.* Seriousness is measured in response to "contemporary standards of decency." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). Routine discomforts of prison life do not suffice. *Id.* Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. *Id.* at 9. Plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. *Id.* Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Liability cannot be predicated solely on negligence. *Id.* A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Mr. McCord has not established Captain Potter acted with a sufficiently culpable mental state to justify a finding of liability under the Eighth Amendment. An official acts with deliberate indifference when "he acts with criminal recklessness," a state of mind that requires that

the official act with conscious disregard of a substantial risk of serious harm. *Farmer*, 511 U.S. at 837. Mere negligence will not suffice. *Id.* at 835-36. Mr. McCord claims Captain Potter suggested a chair be placed in his cell when a bench was not available. Even liberally construed, this allegation does not suggest Captain Potter acted with the degree of culpability needed to sustain an Eighth Amendment claim.

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.


Dated: February 28, 2011                     *s/     James S. Gwin*
                                             JAMES S. GWIN
                                             UNITED STATES DISTRICT JUDGE

---

[2]    28 U.S.C. § 1915(a)(3) provides:

   An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.